UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Civil Action No. 3:21-cv-283

MARIA THERESA NANTEZA, individually, **SM**, a minor, by and throught her guardian ad litem, **MARIA THERESA NANTEZA**

         Plaintiffs,

v.

**QATAR AIRWAYS Q.C.S.C. D/B/A/ QATAR AIRWAYS Q.C.S.C. CORPORATION** and **JANE DOE**

         Defendant.

**FIRST COMPLAINT**

COMES NOW, Plaintiff **MARIA THERESA NANTEZA**, individually and as Guardian ad Litem for Plaintiff SM, an infant, by and through the undersigned counsel and for this Complaint against the Defendants alleges and states as follows:

## I. PARTIES

1. At all times relevant to this action, Plaintiff SM was a citizen and permanent resident of Mecklenburg County, Charlotte, North Carolina living with her mother, Maria Theresa Nanteza and her father, Lupa Mugenyl Galabuzi, who were also permanent citizens and residents of Mecklenburg County, Charlotte, North Carolina. SM appears in this action by and through her guardian ad litem, Maria Theresa Nanteza, hereinafter referred to as "GAL."

2. That at the time that each instance has been alleged in this Complaint, plaintiff SM, the minor, and plaintiff MARIA THERESA NANTEZA, were permanent residents and citizens of Mecklenburg County, Charlotte, North Carolina.

1

3. That the GAL also brings this action individually to recover compensation damages on behalf of plaintiff SM for plaintiff SM's harm, losses, damages, and pre and post-majority medical expenses.

4. That the plaintiff SM, was born on the 29th of March, 2016, to her mother, plaintiff Maria Theresa Nanteza and her father, Lupa Mugenyl Galabuzi.

5. Upon information and belief, defendant QATAR AIRWAYS Q.C.S.C. doing business as QATAR AIRWAYS, and defendant QATAR AIRWAYS Q.C.S.C. CORPORATION (collectively referred to as the "Qatar Airways defendants" or "Qatar Airways" ) are foreign corporations organized and existing under and by virtue of the laws of the State of Qatar with its principle place of business in Qatar, and are duly authorized to conduct business within this judicial district.

6. Defendant JANE DOE **(name is to be determined over the course of discovery)** was the flight attendant that was employed by QATAR AIRWAYS on Flight (QR 1387) and was the employee who negligently spilled hot tea on plaintiff SM in the presence of plaintiff Nanteza.

7. Upon information and belief, and therefore it is alleged that Qatar Airways defendants are duly authorized to conduct business in the State of North Carolina, maintain an office for the transaction of business and have a registered agent for service, all within the State of North Carolina.

8. At all times relevant, the Qatar Airways defendant were and are a common carrier engaged in the business of transporting passengers for hire by air, operating regularly scheduled passenger flights from various airports in the United States, and engage in such commercial activity pursuant to an economic authority to conduct commercial operations in foreign air

transportation to and from the United States granted to the Qatar Airways defendants by the U.S. Department of Transportation.

## II. JURISDICTION

9. Subject matter jurisdiction over plaintiffs' claims against Qatar Airways defendants is based on the provisions of 28 U.S.C. §1331 in that plaintiffs' transportation and causes of actions are subject to and arise under the terms of a U.S. Treaty, commonly known as the "Montreal Convention" and formally titled Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on November 4, 2003) reprinted in S. Treaty Doc. N. 106-45, 1999 WL 33292734, in that plaintiffs sustained injuries while passengers engaged in international transportation within the meaning of Article 1(2).

10. The United States, as the place in which the relevant contract of carriage was made and in which the Qatar Airways defendants is/are doing business, and/or as the places of plaintiffs' citizenships and/or permanent resident, is and was, at all times relevant to this Complaint, a High Contracting Party to the Montreal Convention. Pursuant to Article 17 of the Montreal Convention, defendant Qatar, as the carrier, is liable for damages sustained in cases of bodily injury of a passenger upon condition only that the accident which caused the injury took place on board the aircraft or in the country of any of the operations of embarking or disembarking. Plaintiffs were on board the subject flight when they suffered their injuries.

11. Venue is properly placed in this Court under 28 U.S.C. §1391 (d) in that the Qatar Airways defendants is and/or are a foreign corporation duly licensed to conduct, and is/are doing business, in the United States; and further venue is properly placed in an American Forum under Article 33 of the Montreal Convention in that the United States is one of the High Contracting Parties to said Treaty and the Country where the relevant contract of carriage was entered, and in

which the defendants is/are doing business as expressed in the airline ticket issued to or on behalf of plaintiff SM, and/or is the place of plaintiffs' citizenships and/or permanent residence.

12. Jurisdiction is further proper in the State of North Carolina in that, upon information and belief, the Qatar Airways defendants is and/or are a member and/or owner of the One World Alliance, a foreign corporation and /or businesses entity with its principal place of business in the State of New York, through which the Qatar Airways defendants, amongst other things, sells airline tickets; and furthermore operates flights to and from this judicial district and the flights during which plaintiffs were injured originated from this judicial district.

### **GENERAL ALLEGATION APPLLICABLE TO ALL COUNTS**

13. The parents of plaintiff SM purchased airline tickets in Charlotte, North Carolina for themselves and plaintiff SM on or about February 12, 2019 to travel round trip from Charlotte, North Carolina to Entebbe- Uganda.

14. At all times relevant to this action, on May 29, 2019, plaintiff SM with her family, took a connecting flight from Charlotte Douglas International Airport to JFK International Airport on the first leg of their round-trip flight to Entebbe-Uganda.

15. On May 30, 2019, the Qatar Airways defendants operated and controlled a certain aircraft, namely a Boeing 777 series model aircraft, and operated the flight as Qatar Airways Flight (QR 1387) from JFK International Airport to Doha International Airport-Qatar, then to their interim destination, Entebbe -Uganda Airport.

16. On June 19, 2019, plaintiffs departed from Entebbe -Uganda Airport back to Doha International Airport -Qatar.

17. During the June 19, 2019 flight aboard Qatar Airways Flight (QR 1387) from Entebbe Airport -Uganda to Doha International Airport- Qatar, plaintiff's mother requested a warm drink from one of the flight attendant, JANE DOE.

18. Upon information and belief and therefore it is alleged that Flight attendant, JANE DOE, had been assigned the duty of serving beverages to the passengers on this flight.

19. Flight attendant, JANE DOE, presented a hot cup of tea without a lid on the top knowing of the tea's danger and/or failing to check its temperature.

20. Upon seeing plaintiff SM seated with plaintiff Nanteza, flight attendant JANE DOE attempted to hand the hot cup of tea to plaintiff Nanteza, and the hot tea spilled out onto the lap of plaintiff SM.

21. The tea was scalding hot and immediately began to burn plaintiff SM's lap and thigh areas.

22. Plaintiff SM sustained significant burns on her upper thigh area. She immediately experienced extreme pain due to the sizeable areas of the burns

23. Plaintiff SM's screams from the agony and severe pain which woke and/or alerted many of the passengers to the incident.

24. The supervisory attendant directed flight attendant JANE DOE to attend to the needs of other passengers while the supervisory attendant took charge of attending to the care of plaintiff SM.

25. Plaintiff SM was taken to a private location of the airplane where the supervisory attendant applied some ointments on the burns and bandaged the wound.

26. Upon arrival at Qatar, plaintiff SM was evacuated from the airplane and transported by ambulance to a medical facility within the airport compound

27. Plaintiff SM was treated by the awaiting emergency medical team for her severe burns and released in sufficient time to catch the connecting flight (Qatar Airways) from Doha International Airport- Qatar to JFK International Airlines on June 20, 2019.

28. Still injured and in pain, plaintiff SM and her family caught the final connecting flight from JFK International Airport to Charlotte Douglas International Airport.

29. Plaintiff SM has been under constant medical care for extensive medical treatment for her severe burns since her return to the United States.

30. Plaintiff SM and plaintiff Nanteza also suffered severe emotional trauma from the injuries plaintiff SM sustained.

31. As a result of this injury, plaintiff SM suffers from permanent damages including nerve damage, physical permanent scarring, sharp pains and severe emotional and mental distress in the form of nightmares, anxiety attacks, and depression.

## III. ACTUAL AND/OR APPARENT AGENCY

32. At all times relevant to the allegations alleged in this Complaint, Defendant JANE DOE was employed by the defendants QATAR AIRWAYS and was acting at all relevant times as an agent/servant of defendants QATAR AIRWAYS within the course and scope of her duties as a flight attendant.

33. Defendant QATAR AIRWAYS had the right and/or power to direct and control the manner in which its employees and/or agents executed their official duties.

34. The deliberate disregard for the rights of Plaintiff SM and plaintiff Nanteza along with the grossly negligent acts, omissions and liability of all Defendants includes their agents, principals, employees and/or servants, both directly and vicariously, pursuant to principles of non-delegable duty, corporate liability, actual authority, apparent authority, actual agency,

6

Case 3:21-cv-00283   Document 1   Filed 06/15/21   Page 6 of 14

ostensible agency and/or *respondeat superior* and the acts and/or omissions of the above named Defendants, were a direct and proximate cause of the injuries, damages and losses sustained by plaintiff SM and plaintiff Nanteza.

## IV. JOINT AND SEVERALLY LIABILITY

35. The above-named Defendants are jointly and severally liable for all damages alleged herein since their negligent, grossly negligent, reckless and wanton acts and omissions, singularly or in combination, are a direct and proximate cause of Plaintiff SM and plaintiff Nanteza's damages, injuries and losses.

## V. FIRST CLAIM OF ACTION: CLAIM FOR RELIEF NEGLIGENCE CLAIM AGAINST QATAR AIRWAYS

36. The preceding paragraphs are incorporated by reference as if fully set forth herein.

**37.** The Defendant, Qatar Airways, as common carrier, has a heightened duty to protect its passengers and not harm them. The duty imposed is such that the Defendants and its employees must exercise vigilance in all aspects of its transportation of passengers, including plaintiff SM and plaintiff Nanteza. The duty imposed upon a common carrier is such that even the slightest negligence makes a common carrier liable for the injuries inflicted on others by the common carrier and/or its employees. The flight attendant aboard QR1387 is an employee and agent of the defendants; therefore, the defendants are responsible for the acts of even slight negligence of its employees under the doctrine of respondeat superior.

38. At the time of the events alleged above, Defendant Qatar Airways owed Plaintiff SM and plaintiff Nanteza a duty to use care in the hiring, training and supervision of its employees.

7

39. The supervision by defendant Qatar Airways of its employees was defective by their failure to monitor them, discipline them, retain them, and/or terminate their employment when an employee fails to perform its duties.

40. The Defendants were negligent when it breached its duty of care owed plaintiff SM when flight attendant JANE DOE dropped a cup of scalding hot tea on the plaintiff SM's person in such a fashion as to severely burn plaintiff SM's abdomen and thighs. Defendant Qatar Airways breached its duty to use reasonable care and negligently and carelessly discharged its duties as a common carrier, among these and other ways, as follows:

A. Failing to exercise reasonable care in the safety of its passengers:

B. Failing to take reasonable precautions to prevent injury to passengers while on board the aircraft; and

C. Failing to ensure hot fluids are presented to passengers in cups with lids.

41. The Defendants were also negligent in that neither Defendant Qatar Airways, nor its employees rendered proper medical assistance to Plaintiff SM; thereby, making the injuries worse that it would otherwise have been.

42. Plaintiff SM's injuries were directly and proximately caused by the negligence of Defendant Qatar Airways and its employee, the flight attendant JANE DOE.

43. Plaintiff SM sustained temporary and permanent injuries to her person and caused her to expend some medical bills to cure herself of the injuries and will incur future medical bills associated with the scarring that was left from the burn to her person.

44. Plaintiff SM has experienced and will continue to experience future great pain of body and mind, inconvenience, mental anguish, embarrassment, scarring and deformity, which

caused her to be under medical care and place undue hardship upon her, and to incur the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by plaintiff SM, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services.

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future

    E.    Physical impairment in the past.

    F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    G.    Mental anguish in the past; and

    H.    Mental anguish in the future.

45. As a direct and proximate result of Defendant Qatar Airways' actions, Plaintiff SM is entitled to recover from Defendant Qatar Airways, an amount to be determined by a jury, but not less than Seventy-Five Thousand ($75,000.00) Dollars.

## VI. SECOND CLAIM OF ACTION: CLAIM FOR RELIEF NEGLIGENCE CLAIM AGAINST JANE DOE

46. The preceding paragraphs are incorporated by reference as if fully set forth herein.

**47.** The Defendant JANE DOE, who was acting within the scope of her respective employment, maliciously, was negligent when she breached her duty of care owed plaintiff SM

9

when Defendant JANE DOE attempted to hand the hot cup of tea to plaintiff Nanteza, and the hot tea spilled out onto the lap of plaintiff SM in such a fashion as to severely burn plaintiff SM's thighs.

48. Defendant Jane Doe and her employer, defendant Qatar Airways acted in concert.

49. At the time of the events alleged above, Defendant JANE DOE owed Plaintiff SM a duty to use care in how hot scalding tea was served on passengers.

50. Furthermore, defendant JANE DOE breached her duty to Plaintiff SM by failing to serve the hot tea properly and safely to her passengers.

51. Plaintiff SM's injuries were directly and proximately caused by the negligence of Defendants and its employee, the flight attendant JANE DOE.

52. As a direct and proximate result of defendant JANE DOE's actions, Plaintiff SM is entitled to recover from Defendant JANE DOE, an amount to be determined by a jury, but not less than Seventy-Five Thousand ($75,000.00) Dollars.

### VII. CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

53. Plaintiffs realleges, adopts and incorporated by reference paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

54. At the time of the events alleged above, Defendant Qatar owed plaintiff SM and plaintiff Nanteza a duty to use care in the hiring, training and supervision of its employees.

55. The defendant JANE DOE, who was acting within the scope of her respective employment, maliciously, was negligent when she breached her duty of care owed plaintiff SM when Defendant JANE DOE attempted to hand the hot cup of tea to plaintiff Nanteza, and the hot tea spilled out onto the lap of plaintiff SM in such a fashion as to severely burn plaintiff SM's thighs in the presence of plaintiff Nanteza.

56. Defendant Jane Doe and her employer, defendant Qatar Airways acted in concert.

57. As a direct and proximate result of the aforementioned negligence of Defendants, Plaintiffs have suffered and continue to be plagued by severe emotional distress.

58. But for the negligent actions and omissions of each of the defendants, plaintiffs would not have fallen victim to the symptoms of severe emotional distress that now plague their everyday life.

59. Such severe emotional distress, to which plaintiff SM– who is a minor- and plaintiff Nanteza, have fallen victim over the previous years, including but is not limited to, severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness and anxiety.

60. Plaintiff SM and plaintiff Nanteza suffered from severe emotional distress as a direct and proximate result of the Defendants' negligence and negligent conduct, as demonstrated herein.

61. Plaintiff SM and plaintiff Nanteza, on account of the foregoing, is entitled to have and recover damages from defendants, jointly and severally, in an amount exceeding Seventy-five Thousand ($75,000.00) Dollars.

## PRAYER FOR RELIEF

**WHEREFORE,** the plaintiffs respectfully pray the Court for the following relief:

1. That plaintiff SM have and recover of defendants Qartar Airways an amount greater than Seventy-Five Thousand Dollars ($75,000.00) and exceeding the jurisdictional limit of this Court for the personal injuries to Plaintiff SM;

2. That plaintiff SM have and recover of defendant JANE DOE an amount greater than Seventy-Five Thousand ($75,000.00) Dollars and exceeding the jurisdictional limit of this Court for the personal injuries to Plaintiff SM;

3. That plaintiffs have and recover of the defendants an amount greater than Seventy-Five Thousand ($75,000.00) Dollars for the severe emotional distress caused by the actions of the defendants;

4. That all issues of fact be tried by a jury;

5. That plaintiffs recover from all defendants, jointly and severally, the costs of this action, but not limited to pre-judgement and post-judgment interest charged at the legal rates to be assessed against all defendants from the time of the filing of this action until paid and reasonable attorney's fees to the fullest extent allowed by North Carolina and United States law; and

6. That plaintiffs be granted all other relief, both legal and equitable, which the Court deems just and proper.

This the 15th day of June, 2021.

RESPECTFULLY SUBMITTED,

**THE ROGERS LAW FIRM, PLLC**

\_\_\_\_/s/ Allen W Rogers_____
Allen W. Rogers
N.C. State Bar No. 15557
111 Person Street
Fayetteville, NC 28301
Phone: 910-433-0833
Facsimile: 910-433-0908
Email: allen.rogers@allenrogers-law.com

12

Case 3:21-cv-00283   Document 1   Filed 06/15/21   Page 12 of 14

# UNITED STATES DISTRICT COURT
## for the
## Western District of North Carolina

| | | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | **Civil Action No.** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*


**A lawsuit has been filed against you.**

**Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:**




**If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.**

**Civil Action No.**

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

**This summon for** *(name of individual and title, if any)* _____

**was received by me on** *(date)* _____.

❏    **I personally served the summons on the defendant at** *(place)*_____
    **on** *(date)* _____; **or**

❏    **I left the summons at the individual's residence or usual place of abode with** *(name)* _____, **a person of suitable age and discretion who resides there, on** *(date)* _____, **and mailed a copy to the individual's last known address; or**

❏    **I served the summons on** *(name of individual)* _____, **who is designated by law to accept service of process on behalf of** *(name of organization)* _____ **on** *(date)* _____; **or**

❏    **I returned the summons unexecuted because** _____; **or**

❏    **Other** *(specify)*:
    _____

**My fees are $** _____ **for travel and $** _____ **for services, for a total of $**_____.

**I declare under penalty of perjury that this information is true.**

**Date:**_____            _____
                                                                                  **Server's signature**

                                                                                  _____
                                                                                  **Printed name and title**

                                                                                  _____
                                                                                      **Server's address**

**Additional information regarding attempted service, etc:**